# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| VICKI G. HOGAN, | ) |
|     Plaintiff, | ) |
| vs. | )   CV 05-J-1439-S |
| DELL COMPUTERS, INC., | ) |
|     Defendant. | ) |

## MEMORANDUM OPINION

Pending before the court is defendant Dell Computers, Inc.'s motion for summary judgment (doc. 15) and attached affidavit of Ange Kogutz, plaintiff's opposition to said motion (docs. 18 and 19) and evidentiary submittions, as well as defendant's reply (doc. 24).

Having considered the pleadings, evidence and memoranda of the parties, the court finds that said motion is due to be GRANTED as set forth below.

## I.  FACTUAL BACKGROUND

Although plaintiff's complaint is far from clear,[1] defendant has read the complaint as accusing it of violating the Fair Debt Collection Practices Act, 15

---

[1] Plaintiff alleges that defendant "has accused plaintiff of stealing a computer without paying for it." Complaint ¶ 2.  The court notes that usually theft involves taking someone else's property without paying for it and converting it to one's own use.

Plaintiff further alleges that defendant "has accused plaintiff of buying a computer which is theft."  Complaint ¶ 5.  Usually if a person buys something it means that they pay for whatever they buy.

Buying something and stealing something would be mutually exclusive.

U.S.C. § 1692 ("the FDCPA"); as accusing defendant of outrageous conduct; as accusing defendant of slander and finally accusing defendant of negligence.

Plaintiff Vicki G. Hogan is a resident of Jefferson County, Alabama and currently lives at 121 Lake Street, Trussville, Alabama 35173. Plaintiff's depo. at 8. Plaintiff has never purchased, nor does she own any products manufactured or sold by defendant Dell Computer Corporation. Plaintiff's depo. at 16-17.

Another person, also named Vicki G. Hogan, has used plaintiff's identity to apply for credit cards, loans and to make purchases. Plaintiff's depo. at 18-19. Plaintiff began receiving contacts and/or correspondence from the following entities since 2003 through present: Dell Financial, Plaintiff's depo. at 35, 38; Dunn & Bradstreet, Plaintiff's depo. at 35-37, 53; CSV Systems, Plaintiff's depo. at 55, 65; and ARS National, Plaintiff's depo. at 74. These contacts were in an effort to collect a debt apparently owed by the other Vicki G. Hogan.

Defendant is not a debt collector and is not in the business of regularly collecting debts of its own or on behalf of others. Kogutz Aff. at ¶ 2.

Defendant has never contacted plaintiff Vicki G. Hogan in an effort to collect a debt or otherwise. Kogutz Aff. at ¶ 3.

Defendant has never accused plaintiff Vicki G. Hogan of theft. *Id.* at ¶ 4.

Defendant has never accused plaintiff Vicki G. Hogan of any indictable offense. *Id.* at ¶ 5

Defendant has never uttered false statements regarding plaintiff Vicki G. Hogan to any third parties.  *Id.* at ¶ 6.

Defendant has never accused plaintiff Vicki G. Hogan of buying a computer. *Id.* at ¶ 7.

## II. Standard of Review

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Celotex Corp.,* 477 U.S. at 322-23.  The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes

demonstrates the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to the nonmoving party to "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed. R. Civ. Pro 56(e). In meeting this burden the nonmoving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). That party must demonstrate that there is a "genuine issue for trial." Fed.R.Civ.Pro. 56(c); *Matsushita*, 475 U.S. at 587, *see also Anderson v. Liberty Lobby*, 477 U.S. 242, 249 (1986). The nonmovant must "demonstrate that there is indeed a material issue of fact precluding summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991).

### III.  LEGAL ANALYSIS

1.   **Agency**

Plaintiff cannot identify any instances in which defendant contacted plaintiff. Plaintiff attempts to establish liability of defendant for the alleged conduct of the four entities identified by plaintiff through establishing an agency relationship. As an initial matter, a "principal is not ordinarily liable for the torts of its independent contractors." *Joseph Land & Co., Inc. v. Gresham,* 603 So.2d 923, 926 (Ala. 1992). Further, "agency may not be presumed, and ... to [support a

finding of liability] the plaintiff must present substantial evidence of an agency relationship." *Lincoln Log Home Enters., Inc. v. Autrey,* 836 So.2d 804, 806 (Ala. 2002). While express authority is based on an agreement between two parties, the doctrine of apparent agency (or apparent authority) may be established where there is evidence that an alleged principal held control over the alleged independent contractor's daily operations or that the principal knew and encouraged the independent contractor to represent itself as an agent of the principal with the authority to bind it to specific conduct. *See Wood v. Shell Oil. Co.,* 495 So.2d 1034, 1035-36 (Ala. 1986) (holding that summary judgment in favor of alleged principal was proper where plaintiff failed to provide even a scintilla of evidence in support of a finding of either an actual agency relationship or apparent agency).

This general rule applies equally as between creditors and independent contractor collection agencies. The Alabama Supreme Court has made clear, collection agencies are generally independent contractors, and are generally not agents of a creditor for whom they are collecting debts. *See Lynch Jewelry Co. v. Bass,* 220 Ala. 96, 100 (Ala. 1929). Further, creditors are not liable, absent evidence of a contractual arrangement to the contrary, for torts of independent contractor collection agencies. *Id.* As the Supreme Court stated in *Lynch*:

> We think this reasoning is sound. In our opinion, a collection agency, in taking steps for the collection of accounts, in the absence of a special contract limiting its liability, and no such contract is here

5

>claimed, is any independent contractor...[and] the immediate employees of the [collection agency] were not the agents or employees of the [creditor].

*Id.*

Similarly, the more recent case of *Pescia v. Auburn Ford-Lincoln Mercury, Inc.,* 68 F. Supp.2d 1269, 1282-83 (M.D. Ala. 1999) and *Mardis v. Ford Motor Credit Co.,* 642 So.2d 701, 703 (Ala. 1994) are illustrative.  In both cases, the courts found that, as there was no evidence of control by the alleged principal over the alleged agent, there was no principal-agency relationship and, accordingly, the alleged principal could not be liable for the conduct of the alleged agent.  *Id.*

In this case, plaintiff has identified no conduct on the part of defendant made the basis of this action.  Rather, plaintiff has identified four separate entities as having contacted her.  There is no evidence of an express agreement between defendant and these entities that could establish a principal-agency relationship between defendant and these companies.  Further, plaintiff failed to present any evidence that establishes that defendant has control, or has retained the right to exert control, over the operations of these companies.  Consequently, there is no evidence to establish apparent authority, and defendant is entitled to summary judgment on this issue.

6

**2.     Fair Debt Collection Practices Act**

Even if the entities identified by plaintiff were deemed to be the agent of defendant, plaintiff cannot maintain a claim against defendant for violation of the Fair Debt Collection Practices Act as that act only applies specifically to "debt collectors," and not debt collectors *and their agents*. 15 U.S.C. § 1692a(6). Plaintiff has offered no evidence that defendant is a "debt collector." Accordingly, the Act does not apply to defendant, and defendant is entitled to summary judgment on this claim as well.

**3.     Outrage**

Plaintiff acknowledges the standard for outrage was set forth in *Green Tree Acceptance, Inc. v. Standridge*, 565 So.2d 38, 44 (Ala. 1990). Opposition at 4. According to *Green Tree*, only "conduct...[that is] so extreme in degree as to go beyond all possible bounds of decency and be regarded as atrocious and utterly intolerable in a civilized society" may form the basis for a claim for outrage. *Id.*

As the Alabama Supreme Court acknowledged, the tort of outrage is reserved for actions such as wrongful conduct in the context of family burials, cases where insurance agents have employed barbaric means to coerce settlements and cases of egregious sexual harassment. *See Pescia* 68 F. Supp.2d at 1279, citing *Ex Parte Crawford & Co.*, 693 So.2d 458 (Ala. 1997).

Based on this test, even assuming that plaintiff could establish that defendant could be liable for the conduct of the independent collection agencies she alleged called her, the conduct of those agencies does not rise to the level of conduct contemplated by the tort of outrage.  Therefore defendant is entitled to summary judgment on this claim as well.

**4.    Slander**

Plaintiff has failed to produce any evidence to establish the elements of slander.  In order to prove slander *per se* the alleged slander must impute an indictable offense involving infamy or moral turpitude.  *Brown v. W.R.M.A. Broadcasting Co.,* 238 So.2d 540 (Ala. 1970) citing *Marion v. Davis,* 114 So.2d 357 (Ala. 1927).

Slander *per quod* means the oral communication to a third person of a false and malicious defamation subjecting the plaintiff to disgrace, ridicule, odium, or contempt, though it does not impute the commission of an indictable offense involving infamy or moral turpitude, *W.R.M.A. Broadcasting, Co.*, 238 So.2d at 542.

Defamation is defined as follows:

Defamation means the communication to another, with some degree of fault, of a false and defamatory statement of fact concerning the plaintiff.

8

Defamation is essentially an injury to reputation.  A communication is defamatory if it tends so to harm the reputation of the plaintiff as to lower the plaintiff in the estimation of the community or to deter third persons from associating with the plaintiff.  A communication is defamatory if it charges an offense punishable by indictment, or if it tends to bring an individual into public hatred, contempt, or ridicule, or if it charges an act odious and disgraceful in society.  This general definition may be said to include whatever tends to injure the character of an individual or blacken the person's reputation; impute fraud, dishonesty, or other moral turpitude; reflect shame; or tend to put the person outside the pale of social intercourse.  APJI § 23.00.

Plaintiff does not identify any false statement about plaintiff uttered by defendant to a third person in a negligent fashion.  As the Kogutz affidavit makes clear, defendant has never uttered false statements about plaintiff to a third party, or accused plaintiff of theft, or of buying a computer, or of any indictable offense.  Kogutz Aff. at ¶¶ 4-7.  Accordingly, to the extent plaintiff alleges that defendant is liable for slander, defendant is entitled to summary judgment on this claim as well.

**5.     Negligence**

Plaintiff has not offered evidence of any negligent conduct on the part of defendant, or any evidence of damage.  Accordingly, to the extent plaintiff alleges

that defendant is liable for negligence, defendant is entitled to summary judgment on this claim as well.

## IV.  CONCLUSION

As no genuine issues of material fact exist, it is ORDERED that defendant's motion for summary judgment shall be granted by separate order.

**DONE** and **ORDERED** this 12th day of April 2006.

                                 *Inge Prytz Johnson*
                                 INGE PRYTZ JOHNSON
                                 U.S. DISTRICT JUDGE